NEW JERSEY DEPARTMENT OF LABOR,
WORKMEN'S COMPENSATION BUREAU.

PATRICK J. DOWLING, PETITIONER, v. PUBLIC SERVICE
PRODUCTION COMPANY, RESPONDENT.

This is a workmen's compensation case brought under *Pamph. L.* 1911, *ch.* 95, and the various supplements and amendments thereto.

A petition was filed by the petitioner, and an answer thereto was filed by the respondent, and the matter set down from time to time until the 24th day of June, 1927, when the said matter came on for hearing before the Honorable Charles E. Corbin, deputy commissioner of workmen's compensation at the Department of Labor Building, 571 Jersey avenue, Jersey City, New Jersey, in the presence of James J. Kearney, attorney of petitioner, and James O. Boyd, attorney of respondent.

From the evidence and stipulation entered into between the petitioner and the respondent, it appears that the petitioner met with an accident on October 19th,. 1925, which accident arose out of, and in the course of, his employment with the respondent.

The accident consisted of the petitioner stumbling over an obstruction on the ground and fell headfirst into a concrete abutment.

The petitioner was paid temporary disability amounting to $72.86, which compensation for temporary disability covered the periods from October 19th to October 26th, inclusive, and from November 30th to December 18th, inclusive, since which time the respondent avers that he has

been fully recovered. The petitioner put one doctor on the stand, who testified that petitioner sustained a scalp wound as a result of the accident, and that so far as he could determine there was no fracture of the skull, or damage to the brain. On cross-examination the plaintiff's doctor admitted that he did not make any extended tests to determine what causes the dizzy sensations which the petitioner said that he had, but attributed the condition from which the petitioner said he was suffering to the blow on the head. The respondent put on a well-known neurologist, who testified that the petitioner was suffering from arterio sclerosis and a faulty metabolism, which was in no way connected with the accident; that he made a urinalysis, the result of which indicated that the petitioner had a faulty metabolism. He also discovered that the petitioner had an abnormal high blood pressure, and further testified that all these conditions would account for dizzy spells, and that in his opinion the petitioner was not suffering from any after effects of the accident of October 19th, 1925. The respondent also placed other doctors on the stand who testified substantially the same as the neurologist.

It is my opinion, based on the evidence and stipulation, that this petitioner is not suffering from any permanent disability as a result of the injuries he sustained on October 19th, 1925, and the petition should therefore be dismissed.

It is therefore, on this 25th day of July, 1927, ordered that the judgment final be entered in favor of the respondent and against the petitioner, and that the prayer of the petitioner be denied, and the petition dismissed.

CHARLES E. CORBIN,
*Deputy Commissioner.*